UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KIMERLY REYNOLDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:12-cv-115-WTL-DKL |
| ) | |
| GENERAL REVENUE CORPORATION ) | |
| doing business as SALLIE MAE, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON DEFENDANT'S MOTION TO DISMISS**

This cause is before the Court on the motion to dismiss filed by the Defendant, General Revenue Corporation d/b/a Sallie Mae ("Sallie Mae"). Dkt. No. 43. The motion is fully briefed, and the Court, being duly advised, **GRANTS** the motion to dismiss for the reasons set forth below. In light of this ruling, the Court **DENIES AS MOOT** the Defendant's motion for partial judgment on the pleadings. Dkt. No. 36.

## I.    STANDARD

Sallie Mae moves to dismiss Plaintiff Kimerly Reynolds' complaint pursuant to Federal Rules of Civil Procedure 37(b)(2), 37(d), and 41(b).

Under Rules 37(b)(2) and 37(d), if a plaintiff fails to serve answers to interrogatories or respond to a request for inspection, or if the plaintiff fails to obey an order to provide or permit discovery, the court may dismiss the plaintiff's case. "[T]o dismiss a case as a sanction for discovery abuse the court must only find that the party's actions displayed willfulness, bad faith, or fault." *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009) (citing *In re Thomas Consol.*

*Indus., Inc.*, 456 F3d 719, 724 (7th Cir. 2006); *Maynard v. Nygren*, 332 F.3d 462, 468 (7th Cir. 2003)).

Additionally, Rule 41(b) provides as follows:

If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Dismissal is appropriate under Rule 41(b) in cases where "there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailable." *Rice v. City of Chicago*, 333 F.3d 780, 785-86 (7th Cir. 2003) (citations and quotations omitted). "[T]he power to sanction through dismissal is essential to the district courts' ability to manage efficiently their heavy caseloads and thus protect the interests of all litigants." *Roland v. Salem Contract Carriers, Inc.*, 811 F.2d 1175, 1178 (7th Cir. 1987).

## II.   BACKGROUND

On October 26, 2012, the parties submitted a joint case management plan ("CMP") to the Court. The CMP was approved by the Court on November 2, 2012. According to the CMP, the parties were to exchange initial disclosures on or before November 16, 2012. The CMP also ordered Reynolds and Sallie Mae to file preliminary witness and exhibit lists on or before February 15, 2012 and March 15, 2013, respectively.

On November 5, 2012, Sallie Mae served interrogatories and requests for production on Reynolds. Reynolds, however, did not respond to the discovery requests, nor did she move for (or informally request) an enlargement of time to respond to the requests. Reynolds also failed to serve her initial disclosures on November 16, 2012, and to file her preliminary witness and exhibit lists on February 15, 2012.

On March 4, 2013, still without Reynolds' discovery responses, initial disclosures, and preliminary witness and exhibit lists, Sallie Mae filed a motion to compel. The Magistrate Judge assigned to this case granted the motion on March 27, 2013, and ordered Reynolds to (1) serve, without objections, her responses to Sallie Mae's discovery requests, (2) serve her initial disclosures, and (3) file her preliminary witness and exhibit lists, all within fourteen days of the order (i.e., April 10, 2013). Dkt. No. 41. The Magistrate Judge further warned Reynolds that her failure to abide by the order would subject her case to "summary dismissal for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Id.* Despite this warning, Reynolds failed to comply with the Magistrate Judge's order.[1]

On April 16, 2013, Sallie Mae filed the instant motion to dismiss pursuant to Rules 37(b)(2), 37(d) and 41(b). Sallie Mae argues that dismissal is appropriate because Reynolds "has repeatedly and intentionally refused to comply with discovery obligations, ignored numerous Court orders, and violated the Federal Rules of Civil Procedure." Sallie Mae's Br. at 1, Dkt. No. 44.

### III.   DISCUSSION

Reynolds failed to timely serve her initial disclosures, failed to respond to Sallie Mae's discovery requests, failed to file her preliminary witness and exhibit lists, and failed to comply with the Magistrate Judge's order compelling discovery, despite the Magistrate Judge's clear warning that her claims would be subject to dismissal if she did not comply with the order. Reynolds' counsel argues that *he* (as opposed to Reynolds) failed to comply with the case management and discovery deadlines and the order compelling discovery because he was busy

---

[1] According to the docket, Reynolds eventually served (by filing) her initial disclosures on April 30, 2012. Dkt. No. 46. As of the date of this Entry, however, Reynolds had not filed her preliminary witness and exhibit lists. Further, as of May 13, 2013, Reynolds had not responded to Sallie Mae's discovery requests. Sallie Mae's Reply at 1-2.

with another case,[2] Reynolds' Resp. at ¶¶ 7-9, Dkt. No. 47, and because Sallie Mae's discovery requests were "extended," "lengthy," and contained "multiple parts." *Id.* at ¶ 10. Counsel's conduct, however, illustrates a clear record of delay and contumacious behavior as required for an adjudication on the merits under Rule 41(b). Counsel's actions also demonstrate willfulness and fault as required for a dismissal under Rules 37(b)(2) and 37(d). As such, counsel's excuses are insufficient to overcome Sallie Mae's motion to dismiss.

The Court acknowledges that the delays in this case were counsel's doing. Reynolds, however, must accept responsibility for her attorney's actions. As discussed in *Link v. Wabash R. Co.*, 370 U.S. 626 (1962):

> There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as [her] representative in the action, and [she] cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'

*Id.* at 633-34.

Accordingly, dismissal of Reynolds' claims is appropriate under Rules 37(b)(2), 37(d) and 41(b). *See Williams v. Bd. of Educ.*, 155 F.3d 853, 858 (7th Cir. 1998) (dismissal for failure to prosecute appropriate where plaintiff's counsel frequently disregarded discovery rules, protocol, and the court's deadlines and schedule); *In re Thomas Consol. Indus., Inc.*, 456 F.3d at

---

[2]The Court takes judicial notice of the explosion that occurred at a home in the Indianapolis neighborhood of Richmond Hills on November 10, 2012, and the criminal investigation that followed. The highly publicized explosion killed two people, injured many others, and damaged more than thirty homes. Shortly thereafter, three individuals connected to the home were charged in Marion County with murder and other crimes related to the explosion. According to counsel for Reynolds, he represented one or more of the defendants involved in that case for a period of time. The evidence indicates, however, that counsel's involvement with the explosion case ended in January, 2013—several months before Reynolds was ordered by the Magistrate Judge to serve her initial disclosures, file her preliminary witness and exhibit lists, and respond to Sallie Mae's discovery requests.

725 (no abuse of discretion where district court dismissed case after plaintiff failed to comply with court order compelling discovery).

## IV. CONCLUSION

For the reasons set forth above, the Defendant's motion to dismiss is **GRANTED** and the Plaintiff's claims are **DISMISSED WITH PREJUDICE**. In light of this ruling, the Court **DENIES AS MOOT** the Defendant's motion for partial judgment on the pleadings

SO ORDERED: 06/06/2013

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.